UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

BRANDON TURNER, an
individual,

        Plaintiff,                    Case No. 1:18-cv-_____

vs.

BEN CLARK, ALAN MARLOW,
DEREK WALTERS and KIMBERLEE TUYLS,
individually,

        Defendants.

---

William F. Piper (P38636)
William F. Piper, PLC.
**Attorney for Plaintiff**
1611 W. Centre Ave., Suite 209
Portage, MI 49024
(269) 321-5008
wpiper@wpiperlaw.com

---

## COMPLAINT

The plaintiff Brandon Turner, by and through his attorney William F. Piper, PLC., for his complaint, states as follows:

### JURISDICTIONAL ALLEGATIONS

1.      The plaintiff Brandon Turner is a man who, on August 23, 2016, lived in the County of Calhoun, State of Michigan.

2.      On August 23, 2016 Mr. Turner was a member of the Air National Guard and Reserve.

3.      The defendants on August 23, 2016, were employed by the City of Battle Creek, as police officers.

1

4.      This lawsuit arises out of the unconstitutional conduct engaged in by the defendants towards the plaintiff on August 23, 2016.

5.      The acts complained of were committed by the defendants under color of state law but not  under a legitimate exercise of governmental authority.

6.      Jurisdiction arises under 28  U.S.C. §1331 and 28 U .S.C. §1343.

7.      Claims in this case arise in part under 42 U.S.C. §1983.

**<u>COMMON ALLEGATIONS</u>**

8.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1-7 of this complaint.

9.      On August 23, 2016, Maria  Hernandez, who had been a girlfriend of Mr. Turner's several years ago, arrived at Mr. Turner's residence.

10.     Ms. Hernandez banged on the door for a while, but Mr. Turner did not want to see her, as he didn't want any drama or conflict, so he didn't let her in his residence.

11.     Ms. Hernandez eventually left.

12.     Apparently, after Ms. Hernandez left, she contacted the defendants.

13.     When Ms. Hernandez talked to the defendants she told them a bizarre and false story about her having allegedly been in Mr. Turner's residence, and, then having allegedly learned that Mr. Turner was allegedly transitioning to female, allegedly argued with Mr. Turner about it, and, then, Mr. Turner allegedly assaulted her, injuring her.

14.     What actually happened is that after Ms. Hernandez arrived at his residence, and knocked fruitlessly at the door, Mr. Turner waited a while for Ms. Hernandez's safely to leave the area, and then he left his residence wearing gym shorts and a tee shirt intending to travel to the gym.

15.     Mr. Turner then realized he had forgotten something, so he returned to his residence.

16.     Mr. Turner then saw the defendant police officers.

17.     The officers told Mr. Turner that Ms. Hernandez had accused him of assaulting her inside of his residence, but they did not tell him that she had informed them that he was transitioning from male to female.

18.     By looking at Mr. Turner, the defendants should have realized that he was obviously not transitioning from male to female.

19.     Mr. Turner let the officers into his residence, and the officers should have realized then that there had not been an assault in the manner in which Ms. Hernandez had described, as nothing in the residence was disturbed.

20.     The officers did not ask Mr. Turner for permission to look at his computer.

21.     Despite the lack of probable cause that there had been an assault, the officers arrested Mr. Turner, handcuffed him, and took him to jail.

22.     One or more of the officers then contacted Mr. Turner's commanding officer, but they did not ask the officer if Mr. Turner was or had been transitioning from male to female.

23.     The defendant officers then caused two misdemeanor assault charges to be issued against Mr. Turner.

24.     As a result of the issuance of the assault charges against Mr. Turner, he suffered severe damages, including, but not limited to, the following:

A.     Loss of his military pay;

B.     Loss of his housing;

3

C.      Loss of his food and housing allowance;

D.      Loss of his security clearance;

E.      Severe emotional distress; and

F.      Loss of enjoyment of life.

25.      Mr. Turner had to move in with his mother in order to survive.

26.      On September 29, 2016 Mr. Turner appeared for a trial.

27.      Only at the time of the trial did Mr. Turner learn about the bizarre, false story Ms. Hernandez had told about his allegedly transitioning from male to female.

28.      The prosecutor dropped the charges against Mr. Turner on September 29, 2016.

29.      Unfortunately, the damages to Mr. Turner continued for some time after the charges were dropped against him.

### COUNT I -  UNCONSTITUTIONAL ARREST

30.      The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-29 of this complaint.

31.      It is clearly established that police officers cannot arrest a citizen without probable cause for so doing.

32.      This right is clearly established under the Fourth and Fourteenth Amendment to the Constitution of the United States.

33.      The defendants could not reasonably have believed, with minimal investigation, that what they did was without their constitutional limitations on the exercise of their authority under the Fourth and Fourteenth Amendments to the Constitution of the United States.

4

34.    As a result of the violation of the Constitution set forth above, Mr. Turner has suffered and will continue to suffer the damages set forth above.

35.    This claim is actionable under 42 U.S.C. §1983.

WHEREFORE, the plaintiff requests a judgment against the defendants in whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, all recoverable interest, costs, and attorney's fees under 42 U.S.C. §1988, and any other relief this court deems fair and just.

### COUNT II – DUE PROCESS VIOLATION OF A STATE STATUTORY MANDATE

36.    The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-35 of this complaint.

37.    It is clearly established that officers cannot violate a state statutory mandate in the course of arresting a citizen.

38.    MCL 32.517 gives a person a privilege from arrest and imprisonment  if the person is on active military service except for treason, a felony or a breach of the peace.

39.    Mr. Turner did not commit treason, a felony or a breach of the peace.

40.    Mr. Turner was on active service or within six months after the service had ended.

41.    The defendants knew about Mr. Turner's status in paragraph 40 above, yet they arrested and took Mr. Turner to jail anyway, and they caused charges to be issued against him.

42.    The defendants should have known that they were not within the constitutional limitations of the exercise of their authority under the Fourteenth Amendment to the Constitution of the United States.

43. As a result of the unconstitutional arrest set forth above, Mr. Turner suffered and will continue to suffer the damages set forth above.

44. This claim is actionable under 42 U.S.C. §1983.

WHEREFORE, the plaintiff requests a judgment against the defendants in whatever amount is sufficient to compensate him for his damages past and future plus punitive damages, all recoverable interest, costs, attorney's fees under 42 U.S.C. §1988, and any other relief this court deems fair and just.

## <u>COUNT III – FALSE ARREST AND FALSE IMPRISONMENT</u>

45. The plaintiff restates and realleges as though fully set forth herein, paragraphs 1-44 of this complaint.

46. The defendants' actions as set forth above, including violation of MCL 32.517, constitute a false arrest and a false imprisonment.

47. As a result of the actions set forth above, Mr. Turner suffered and will continue to suffer the damages set forth above.

WHEREFORE , the plaintiff requests a judgment against the defendants in whatever amount is sufficient to compensate him for his damages past and future plus all recoverable interest, costs, attorney's fees, and any other relief this court deems fair and just.

Dated: April 25, 2018                    William F. Piper, PLC.
                                         Attorney for Plaintiff

                                         By:    /s/ William F. Piper
                                                William F. Piper (P38636)
                                         BUSINESS ADDRESS:
                                                1611 W. Centre Ave., Suite 209
                                                Portage, MI 49024
                                                (269) 321-5008